IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMBER JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF ATLANTA, GEORGIA,<br>OFFICER CODY SWANGER, in<br>his individual capacity, and<br>OFFICER JEREMIAH BRANDT, in<br>his individual capacity,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:21-cv-02578-MHC |

**DEFENDANT CITY OF ATLANTA, GEORGIA'S
MOTION FOR STAY OF PROCEEDINGS AND BRIEF IN SUPPORT**

COMES NOW CITY OF ATLANTA, GEORGIA (the "City"), Defendant in the above-styled case, and moves for a stay of the proceedings and discovery in this case pending adjudication of its Motion to Dismiss, showing this Honorable Court as follows:

The City moved to dismiss Plaintiff's claims against it for failure to state a claim upon which relief can be granted. [Doc. 20] A ruling in the City's favor would resolve all claims against it, thus making discovery unnecessary. In order to avoid the potentially unnecessary cost and burden of litigation, the City asks that

these proceedings and all discovery be stayed pending a ruling on the pre-answer Motion to Dismiss.

In the first instance the City moves to stay discovery in total. In the alternative, the City requests this Court enter a stay as concerns discovery between the City and Plaintiff until such time that the Court has ruled on the pending Motion to Dismiss.

Discovery in the instant case would be particularly burdensome for the City. For instance, Plaintiff's first *Monell* claim against the City is based upon its alleged failure to conduct meaningful investigations following reports of excessive force. The Complaint references investigations going all the way back to 2003. [Doc. 1 ] In total, the Complaint references 15 investigations conducted by the City from 2003 to 2015.  Thus, the discovery process would entail discovery of over a decade of investigations, with dozens, probably hundreds more investigations being looked into by Plaintiff.

Likewise, Plaintiff's failure to train and/or supervise claim relies upon numerous previous incidences.  The dates of these incidences are from 2002 to 2015.  Again, the sheer depth of discovery spans years and potentially the discovery of hundreds of investigations not mentioned in the Complaint.  Because discovery would be so burdensome for the City, discovery should be stayed until a ruling on its Motion to Dismiss.

This Motion is unrelated to Plaintiff's claims against the other Defendants in this case. The Parties will not be prejudiced if the proceedings and discovery are stayed as against the City.

Federal Rule of Civil Procedure 26(d) gives the Court broad discretion to alter the sequence of discovery "for the convenience of the parties . . . and in the interests of justice." Fed. R. Civ. P. 26(d). *See also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558-59 (11th Cir. 1985) (district court has "broad discretion to stay discovery until the district court rules on a pending dispositive motion"). The Court should stay all discovery in the interests of efficiency and justice through its powers in Fed. R. Civ. P. 26 and issue a stay relieving the City from having to exert any additional resources pending a ruling on their pre-answer Motion to Dismiss. *See Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (trial court properly stayed discovery pending ruling on motion to dismiss); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (holding "facial challenges to the legal sufficiency of the claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins").

The City has moved to dismiss all claims against it, and an order staying these proceedings and discovery will protect it from the burden of responding to potentially unnecessary discovery should the Motion to Dismiss be granted.

Litigation efficiency does not infringe on any party's rights. Therefore, the City of Atlanta respectfully requests that these proceedings be stayed.

## **CONCLUSION**

For the foregoing reasons, the City of Atlanta respectfully requests the Court to stay the proceedings against it in this matter until its pre-answer Motion to Dismiss is adjudicated.

Respectfully submitted this 23rd day of September, 2021.

| | |
|---|---|
| 191 Peachtree Street, N.E.<br>Suite 2900<br>Atlanta, GA 30303-1775<br>Tel: (404) 954-5000<br>Fax: (404) 954-5020<br>dware@hallboothsmith.com<br>pfriduss@hallboothsmith.com<br>nkinsley@hallboothsmith.com | **HALL BOOTH SMITH, P.C.**<br><br>*/s/ R. David Ware*<br>*/s/ Phillip E. Friduss*<br>R. DAVID WARE<br>Georgia Bar No. 737756<br>Phillip E. Friduss<br>Georgia Bar No. 277220<br>Nicholas A. Kinsley<br>Georgia Bar No. 276862<br><br>*Counsel for Defendant City of Atlanta* |

| | |
|---|---|
| **City of Atlanta Law Department**<br>55 Trinity Avenue, Suite 5000<br>Atlanta, Georgia 30303<br>(404) 546-4185 *Phone*<br>(404) 588-3239 *Fax* | /s/ Shemia F. Washington<br>Shemia F. Washington<br>Georgia Bar No. 272678<br>Alisha Marie S. Nair, Esq.<br>Georgia Bar No. 806033<br>Joshua S. Foster<br>Georgia Bar No. 169165<br>SFWashington@atlantaga.gov<br>amnair@atlantaga.gov<br>josfoster@atlantaga.gov<br><br>*Co-Counsel for Defendant City of Atlanta* |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AMBER JACKSON,<br><br>　　Plaintiff,<br><br>v.<br><br>CITY OF ATLANTA, GEORGIA, OFFICER CODY SWANGER, in his individual capacity, and OFFICER JEREMIAH BRANDT, in his individual capacity,<br><br>　　Defendants. | CIVIL ACTION FILE<br>NO. 1:21-cv-02578-MHC |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **DEFENDANT CITY OF ATLANTA, GEORGIA'S MOTION TO STAY PROCEEDINGS AND BRIEF IN SUPPORT** with the Court using the CM/ECF System. Notice of this filing will be sent to the below as indicated on the electronic filing receipt.

Harold W. Spence
Mawuli M. Davis, Esq.
Davis Bozeman Law Firm, P.C.
4153-C Flat Shoals Parkway
Suite 332
Decatur, Georgia 30034
hspence@davisbozemanlaw.com
mdavis@davisbowemanlaw.com
*Counsel for Plaintiff*

Thomas M. Mitchell, Esq.
Richard A. Carothers, Esq.
Angela C. Couch, Esq.
Karen G. Thomas, Esq.
**Carothers & Mitchell, LLC**
1809 Buford Hwy.
Buford, GA 30518

*Counsel for Defendants Officer Cody Swanger and Officer Jeremiah Brandt*

Respectfully submitted this 23rd day of September, 2021.

| | |
|---|---|
| 191 Peachtree Street, N.E.<br>Suite 2900<br>Atlanta, GA 30303-1775<br>Tel: (404) 954-5000<br>Fax: (404) 954-5020<br>dware@hallboothsmith.com<br>pfriduss@hallboothsmith.com<br>nkinsley@hallboothsmith.com | **HALL BOOTH SMITH, P.C.**<br><br>/s/ R. David Ware<br>/s/ Phillip E. Friduss<br>R. DAVID WARE<br>Georgia Bar No. 737756<br>Phillip E. Friduss<br>Georgia Bar No. 277220<br>Nicholas A. Kinsley<br>Georgia Bar No. 276862<br><br>*Counsel for Defendant City of Atlanta* |

| | |
|---|---|
| **City of Atlanta Law Department**<br>55 Trinity Avenue, Suite 5000<br>Atlanta, Georgia 30303<br>(404) 546-4185 *Phone*<br>(404) 588-3239 *Fax* | /s/ Shemia F. Washington<br>Shemia F. Washington<br>Georgia Bar No. 272678<br>Alisha Marie S. Nair, Esq.<br>Georgia Bar No. 806033<br>Joshua S. Foster<br>Georgia Bar No. 169165<br>SFWashington@atlantaga.gov<br>amnair@atlantaga.gov<br>josfoster@atlantaga.gov<br><br>*Co-Counsel for Defendant City of Atlanta* |