| | |
|---|---|
| AMBER JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF ATLANTA, GEORGIA,<br>OFFICER CODY SWANGER, in<br>his individual capacity, and<br>OFFICER JEREMIAH BRANDT, in<br>his individual capacity,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>1:21-cv-02578-MHC |

### **PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

COMES NOW, Plaintiff Amber Jackson and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and Local Rule 7.1 files this Brief in Support of Motion for Leave to File an Amended Complaint ("Motion"). For the reasons more fully set forth herein, Plaintiff prays that her Motion is inquired into and granted. Attached as Exhibit "A" to the Plaintiff's Motion for Leave to File an Amended Complaint is a complete copy of the Plaintiff's proposed First Amended Complaint.

### **I.    RELEVANT FACTS**

On June 25, 2021, Plaintiff filed her Complaint against the named Defendants [Doc.1]. On July 19, 2021, Defendants jointly filed "Defendants' Affirmative Defenses and Answer to Plaintiff's Complaint" [Doc. 10]. Nearly two months later,

1

on September 17, 2021, Defendant City of Atlanta filed its Motion to Dismiss [Doc. 20]. In partial response to Defendant City of Atlanta's Motion to Dismiss, the Plaintiff filed her First Amended Complaint [Doc. 32 dated October 15, 2021].

Thereafter, on November 5, 2021, Defendant City of Atlanta filed its Second Motion to Dismiss [Doc. 45]. The body of the Motion makes no mention of a Motion to Strike. Accompanying its Second Motion to Dismiss, Defendant City of Atlanta filed its "Brief in Support of Defendant City of Atlanta, Georgia's Second Motion to Dismiss and to Strike" [Doc. 45-1]. At page 13 of its Brief, Defendant City of Atlanta devoted one paragraph to a section titled "The Court Should Strike the Amended Complaint" [Doc. 45-1 at page 13].

To the extent Defendant City of Atlanta's Motion to Strike, embedded within its Motion to Dismiss, is considered a proper motion, the Plaintiff's time to respond has not yet expired[1] and granting of such Motion would be premature.

## II. GENERAL SUBSTANCE OF THE PLAINTIFF'S FIRST AMENDED COMPLAINT

The Plaintiff's First Amended Complaint differs significantly from her Original Complaint in that it offers additional facts on which the underlying incident

---

[1] Defendant City of Atlanta filed its Motion to Dismiss on November 5, 2021. The Court issued its Show Cause Order on November 3, 2021.

is based and cites numerous additional factual matters in support of the Plaintiff's Monell claims against Defendant City of Atlanta.

### III. ARGUMENT AND CITATION OF AUTHORITY

#### A. THE LAW GOVERNING A MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Rule 15 of the Federal Rules of Civil Procedure generally governs when a party may amend its pleadings.[2] When a party may not amend its pleading as a matter of course, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Plaintiff has not obtained the written consent of opposing counsel to amend her pleading. Plaintiff now seeks leave of the Court to do so.

The overarching consideration a Court should take into account in exercising its discretion in determining whether to allow an untimely amended complaint is set forth in Rule 15(a)(2). This Rule provides that "[t]he court should freely give leave when justice so requires."

The Eleventh Circuit has elaborated on the meaning of the phrase "when justice so requires," summarizing the rule as follows: In the absence of any apparent

---

[2] Rule 16 of the Federal Rules of Civil Procedure relating in pertinent part, to scheduling orders, must be read in conjunction with Rule 15.

or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Rosen v. TRW, Inc., 979 F.2d 191, 194 (11th Cir. 1992) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). The decision whether to grant leave to amend is within the sound discretion of the trial court, but, in denying leave to amend, the court should state a specific reason justifying denial. Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993); see also Smith v. Duff & Phelps, Inc., 5 F.3d 488, 493 (11th Cir. 1993); Hester v. International Union of Operating Engineers, AFL-CIO, 941 F.2d 1574, 1578 (11th Cir. 1991).

The Eleventh Circuit has also observed that "[t]here must be a substantial reason to deny a motion to amend," Laurie v. Ala. Ct. of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). Quoting Foman v. Davis, 371 U.S. at 182, the Laurie Court stated: "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant,…undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment," Laurie, 256 F.3d at 1274.

In this case, there is no evidence in the record and no claim by any of the Defendant parties that Plaintiff has engaged in undue delay, bad faith, dilatory motive, or that there has been undue prejudice to them. Nor is the Plaintiff's Amended Complaint futile. As such, there is no reason for the Court to depart from the policy prescribed by Congress in Rule 15(c) that where justice requires, the Court should not deny Plaintiff Jackson the opportunity to file her amended complaint, the federal policy of freely allowing amendments must prevail.

Additionally, in connection with a motion for leave to file an amended complaint, the Eleventh Circuit has observed that "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint," Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005)(per curiam); Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001); Cummings v. Mitchell, 2019 U.S. Dist. LEXIS 161716 (fn. 1)(S.D. Ga. Sept. 20, 2019); Daesang Corp. v. NutraSweet Co., 2019 U.S. Dist. LEXIS 148436 (fn. 1)(S.D. Ga. Aug. 30, 2019). The amended pleading at issue is the Plaintiff's first effort to amend her complaint.

## IV. CONCLUSION

Allowing Plaintiff to file the attached First Amended Complaint is consistent with and subserves the purposes of Rule 15. Additionally, there is no substantial

reason to deny the Plaintiff's request.³ Finally, Plaintiff has not previously filed an amended complaint and she should be given at least one opportunity to amend before the district court strikes her complaint. Wherefore, the Plaintiff prays that her Motion for Leave to File an Amended Complaint is inquired into and granted.

Respectfully submitted this 10th day of November, 2021.

**DAVIS BOZEMAN LAW FIRM**

*/s/ Harold W. Spence*
HAROLD W. SPENCE
Georgia Bar No. 671150
MAWULI M. DAVIS
Georgia Bar No. 212029
*Counsel for Plaintiff*

4153-C Flat Shoals Parkway
Suite 332
Decatur, Georgia 30034
Tel: (404) 244-2004
Fax: (404) 244-2020
hspence@davisbozemanlaw.com
mdavis@davisbozemanlaw.com

---

³ Aside from untimeliness Defendant City of Atlanta fails to assert any substantial reason why the Court should deny the Plaintiff's Motion for Leave to File an Amended Complaint.

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AMBER JACKSON,<br><br>　　Plaintiff,<br><br>v.<br><br>CITY OF ATLANTA, GEORGIA, OFFICER CODY SWANGER, in his individual capacity, and OFFICER JEREMIAH BRANDT, in his individual capacity,<br><br>　　Defendants. | CIVIL ACTION FILE NO.<br>1:21-cv-02578-MHC |

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH LR 5.1B

I hereby certify that I have this day served a copy of the within and foregoing **PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** upon all parties to this matter by filing said document with the CM/ECF system which will automatically send electronic notification to the following:

> R. DAVID WARE
> PHILLIP E. FRIDUSS
> NICHOLAS A. KINSLEY
> **HALL BOOTH SMITH, P.C.**
> 191 Peachtree Street, NE
> Suite 2900
> Atlanta, Georgia  30303

dware@hallboothsmith.com
pfriduss@hallboothsmith.com
nkinsley@hallboothsmith.com

Richard A. Carothers, Esq.
Thomas M. Mitchell, Esq.
Angela C. Couch, Esq.
Karen G. Thomas, Esq.
**CAROTHERS & MITCHELL, LLC**
1809 Buford Highway
Buford, Georgia 30518
richard.carothers@carmitch.com
thomas.mitchell@carmitch.com
angela.couch@carmitch.com
karen.thomas@carmitch.com

The undersigned hereby certifies that the foregoing document complies with the font and point selections approved by the Court in Local Rule 5.1B. This document was prepared in Times New Roman font, 14 point.

This 10th day of November, 2021.

**DAVIS BOZEMAN LAW FIRM**

*/s/ Harold W. Spence*
HAROLD W. SPENCE
Georgia Bar No. 671150
MAWULI M. DAVIS
Georgia Bar No. 212029
*Counsel for Plaintiff*

4153-C Flat Shoals Parkway
Suite 332
Decatur, Georgia 30034
Tel: (404) 244-2004
Fax: (404) 244-2020
hspence@davisbozemanlaw.com
mdavis@davisbozemanlaw.com